| | | |
|---|---|---|
| LEROY A. FISCHER<br>*Plaintiff* | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| SUPERIOR SPECIALIZED CARRIERS,<br>LLC, AND DOUGLAS PAUL KUJALA<br>*Defendants* | §<br>§<br>§ | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES,** Plaintiff **LEROY A. FISCHER,** and files this Plaintiff's Original Petition complaining of Defendants **DOUGLAS PAUL KUJALA** and **SUPERIOR SPECIALIZED CARRIERS, LLC,** for causes of action, Plaintiff would show as follows:

## I.

## JURISDICTION

1.1  Jurisdiction of this court is premised upon 28 U.S.C. § 1332 (a)(1) because there is complete diversity of citizenship between the parties and the amount of controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II.

## VENUE

2.1  Venue is premised upon 28 U.S.C. § 1391 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, within the district of this honorable Court.

## III.

## PARTIES AND SERVICE

3.1     Plaintiff **LEROY A. FISCHER** is an individual and resident of the State of Iowa at the time of the collision.

3.2     Defendant **DOUGLAS PAUL KUJALA (hereinafter referred as "KUJALA ")** is an individual and resident of Quinnesec, Michigan. Defendant may be served with process at Defendant's residence located at 1429 Quinnesec Street, Quinnesec, Michigan 49876 or wherever Defendant KUJALA may be found.

3.3     Defendant **SUPERIOR SPECIALIZED CARRIERS, LLC, (hereinafter referred as "SUPERIOR")** is a limited liability company, which maintains its principal place of business in Michigan, and which at all times relevant was licensed to and which did conduct business in the State of Iowa. Defendant may be served with process by serving the Registered Agent, Mr. Steven Zahn at N3579 Foster City Road, Vulcan, MI 49892.

## IV.

## FACTUAL BACKGROUND

### The Collision

4.1     This lawsuit concerns a severe motor vehicle collision that occurred on November 6, 2019. At the time of the collision, Mr. Fischer was driving his 1999 Peterbilt Semi-Truck/Trailer, which was involved in a collision with a 1990 Peterbilt Semi-Truck (VIN No. 1XP5DB9XXLD288448) driven by Defendant KUJALA while under the authority and control of Defendant SUPERIOR. Defendant KUJALA is the registered owner of the 1990 Peterbilt Semi Truck involved in the collision, which was under the authority and control of its carrier/lessee Defendant SUPERIOR.

4.2	The vehicular collision occurred on a Wednesday evening near the intersection of Intersection of US HWY 59 and US HWY 20 within the corporate city limits of Holestein, Iowa. US HWY 20 consists of two eastbound lanes and two westbound lanes. US HWY 59 consists of one southbound lane and one northbound lane of traffic. Prior to the collision, Mr. Fischer was traveling on the right outside lane traveling eastbound on US HWY 20. The incident ensued when Defendant KUJALA disregarded a stop sign and crossed the eastbound lanes of US HWY 20 in an attempt to enter a Travel Center Parking lot. As a result, Defendant KUJALA's truck/trailer pulled into the travel path of Mr. Fischer's truck, which directly resulted in the subject collision. Due to the force of the impact, Mr. Fischer sustained severe permanent bodily and psychological injuries and property damages.

4.3	The collision was investigated by Highway Patrol Officer Haack (Badge No. 351). Officer Haack reported that *"***Unit 2** [Mr. Fischer's truck] *was EB on US HWY 20 approaching the west intersection of US HWY 59.  Unit 1* [Defendant's truck] ***was SB on US HWY 59 and proceeded to cross the EB lanes of HWY 20 to enter the Travel Center Parking lot. Unit 1 pulled into the path of Unit 2 causing a collision...*"  The following excerpt is from Officer Haack's crash report:



4.4 As illustrated above, Officer Haack found that Defendant KUJALA was solely responsible for causing this collision and issued him a citation for "fail[ure] to obey yield sign."

<u>The Employment Relationship Between the Defendants and The Resulting Vicarious Liability</u>

4.5 At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Defendant KUJALA was an employee of Defendant SUPERIOR, who was acting within the course and scope of his employment. In this regard, Defendant KUJALA was an employee insofar as the master-servant relationship under common law is concerned.

4.6 Alternatively, and at all relevant times herein, Defendant KUJALA was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier, such as Defendant SUPERIOR, is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Defendant SUPERIOR had exclusive control of the tractor truck/trailer which Defendant KUJALA was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000). As a result, Defendant SUPERIOR, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Defendant KUJALA.

4.7 Alternatively, Defendant SUPERIOR, is vicariously liable with respect to all negligence of Defendant KUJALA under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

<u>The Injuries</u>

4.8 Plaintiff suffered and continues to suffer from physical and emotional injuries as a result of the subject collision. Immediately following the crash, Plaintiff was airlifted to Mercy

*Page 4*

Case 5:20-cv-04040-LRR-KEM   Document 1   Filed 07/15/20   Page 4 of 10

Medical Center in order to receive emergency medical treatment for his injuries. Due to the collision, Plaintiff has incurred medical expenses and, in all reasonable probability, Plaintiff will continue to incur medical expenses to treat his injuries and to try to alleviate his pain.

V.

## COUNT I: PLAINTIFF'S CLAIM FOR

## – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST DOUGLAS PAUL KUJALA–

5.1 The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent actions and/or omissions of Defendant SUPERIOR's employee, Douglas Paul Kujala, which consisted of, but are not limited to, the following actions and omissions:

   a. Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b. Placing Plaintiff in a position of peril due to Defendant's lack of due care and exercise of ordinary prudence of a person of Defendant's maturity and capacity under similar circumstances;

   c. Failing to slow to a speed reasonable for the existing conditions and/or stopping prior to entering a highway intersection in violation Iowa Transportation Code Section 321.322, constituting negligence per se;

   d. Failing to yield the right-of-way to a vehicle on an intersecting roadway which has entered the intersection or which is approaching so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection in violation Iowa Transportation Code Section 321.322, constituting negligence per se;

   e. Failing to apply brakes to a motor vehicle in a timely and prudent manner;

   f. Failing to exercise reasonable care to protect the safety of others who are using the roadways;

   g. Failing to take evasive action to avoid colliding with other vehicles on the roadway;

   h. Failing to maintain a safe distance between two vehicles;

i. Operating a tractor trailer in violation of hours of service regulation, 49 C.F.R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

j. Failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

k. Failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

l. Operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

m. Failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

n. Drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15.

5.2 The above actions and omissions committed by the Defendants constitute negligence and/or gross negligence as described herein and were the proximate cause of the subject collision and the injuries and damages sustained by the Plaintiff.

5.3 At the time of the collision, Plaintiff was acting as an ordinary prudent person and exercised ordinary care under the circumstances described herein. The collision was not expected by the Plaintiff, and Plaintiff committed no actions or omissions that caused, or contributed to causing, the collision underlying this suit.

## VI.

## COUNT II: PLAINTIFF'S CLAIM FOR

## – NEGLIGENCE AGAINST SUPERIOR SPECIALIZED CARRIERS, LLC–

### A. *RESPONDEAT SUPERIOR*

6.1 Defendant SUPERIOR is liable under the doctrine of *Respondeat Superior* in that Defendant KUJALA was operating a semi-tractor truck and/or towing Defendant SUPERIOR's

trailer, in the course and scope of his employment with Defendant SUPERIOR at the time of the collision.

6.2 At the time of the occurrence of the act in question and immediately prior thereto, Defendant KUJALA, was within the course and scope of his employment with Defendant SUPERIOR.

6.3 At the time of the occurrence of the act in question and immediately prior thereto, Defendant KUJALA was engaged in the furtherance of Defendant SUPERIOR business.

6.4 At the time of the occurrence of the act in question and immediately prior thereto, Defendant KUJALA was engaged in accomplishing a task for which Defendant KUJALA, was employed.

6.5 Based on the facts recited herein, Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant SUPERIOR.

### B. NEGLIGENCE

6.6 Defendant SUPERIOR was also independently negligent in one or more of the following respects:

    a. negligent hiring of Defendant KUJALA ;
    b. negligent entrustment of the vehicle/trailer to of Defendant KUJALA ;
    c. negligent driver qualifications;
    d. negligent training and supervision of Defendant KUJALA ;
    e. negligent retention of Defendant KUJALA
    f. negligent contracting; and
    g. negligent maintenance.

6.7 As described herein Defendant SUPERIOR was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6.8 Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused

the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

### C. GROSS NEGLIGENCE

6.9 The above-referenced acts and/or omissions by Defendants constitute gross negligence and/or malice. Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

6.10 Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

6.11 Defendants had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

6.12 The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### VII.

### PRAYERS FOR RELIEF AS TO COUNTS I & II:

7.1 As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from

*Page 8*

Case 5:20-cv-04040-LRR-KEM   Document 1   Filed 07/15/20   Page 8 of 10

the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in localities in which they were incurred;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past and in the future;

d. Physical impairment and deformity in the past and which, in all reasonable probability, will continue to be suffered by the Plaintiff in the future;

e. Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future;

f. Mental anguish in the past and in the future;

g. Past and future lost wages;

h. Loss of full function of mind and body both past and which, in all reasonable probability, will be suffered in the future.

7.2. In addition, as a result of the collision, Plaintiff has incurred expenses for medical treatment and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

7.3 As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that Plaintiff will require further medical treatment and will incur future reasonable and necessary expenses.

## PUNITIVE/EXEMPLARY DAMAGES

7.4 Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to punitive and exemplary damages. The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice.

7.5 Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests punitive and exemplary damages in an amount to be determined by a jury of their peer.

*Page 9*
Case 5:20-cv-04040-LRR-KEM   Document 1   Filed 07/15/20   Page 9 of 10

# VII.

# JURY DEMAND

8.1     Plaintiff requests a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **LEROY A. FISCHER**, respectfully prays that the Defendant **DOUGLAS PAUL KUJALA,** Defendant **SUPERIOR SPECIALIZED CARRIERS, LLC,** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:     */s/ Mike Trevino*
Miguel Trevino (pending *pro hac vice* application)
Texas Bar No. 24093280
Tel. 956-544-4444
Email: mike@jvlawfirm.com
Javier Villarreal (pending *pro hac vice* application)
Texas Bar No. 24028097
Email: jv@jvlawfirm.com

**and**

*/s/ Todd Klapatauskas*
Todd Klapatauskas
Reynolds and Kenline, LLP
Iowa State Bar No. 15900
110 East 9th Street
Dubuque, IA 52001
Tel. 563-556-8000
klapatauskas@rkenline.com

**COUNSEL FOR PLAINTIFF**